**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
STEPHANIE ROSATI,                      :
                                       :
    Plaintiff,                      :           Civil Action No. 09-3554 (SRC)
                                       :
    v.                              :           **OPINION**
                                       :
COMMISSIONER OF SOCIAL                 :
SECURITY,                              :
                                       :
    Defendant.                      :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Stephanie Rosati ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

## I.  BACKGROUND

    The following facts are undisputed. Plaintiff was born in 1968. She has worked as a data entry clerk. On November 9, 2004, she filed an application for Social Security Disability Insurance benefits, alleging disability since June 30, 2002. Plaintiff's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Christopher Bullard (the "ALJ"). The ALJ denied Plaintiff's claim in an unfavorable decision issued on December 5, 2007. After the Appeals

Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security.  Plaintiff then appealed to the District Court, and that appeal was terminated when the parties agreed to a remand to the Appeals Council for further review.  On May 18, 2009, after further review, the Appeals Council issued an unfavorable decision.  Plaintiff then filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

### A.   Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial

2

evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.     Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

3

other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §

423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not

enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists,

a claimant must present evidence that his or her affliction "results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically accepted

clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

## C.    The Five-Step Evaluation Process

Determinations of disability are made by the Commissioner, pursuant to the five-step

process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one

through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Gist v. Barnhart, 67 Fed. Appx.

78, 81 (3d Cir. 2003).

At the first step of the evaluation process, the Commissioner must determine whether the

claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a

claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability

claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a

severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it

"significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In

determining whether the claimant has a severe impairment, the age, education, and work

experience of the claimant will not be considered. Id. If the claimant is found to have a severe

impairment, the Commissioner addresses step three of the process.

---

[1] Substantial gainful activity is "work that involves doing significant and productive
physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the Third Circuit set forth the analysis at step four:

In step four, the ALJ must determine whether a claimant's residual functional

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5

capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120. If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §§ 404.1512(g), 404.1560(c)(1). If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled. Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy. These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity). These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b). When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled. 20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983). The claimant may rebut any finding of fact as to a vocational factor. 20 C.F.R. Part 404, Subpart P,

Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

     D.     The Appeals Council's decision

The Appeals Council examined the record and adopted the December 5, 2007 decision of the ALJ in its entirety.  The Appeals Council reconsidered the opinion of Plaintiff's treating psychologist, Dr. Sharma, found that it deserved little weight, and issued an unfavorable decision.

As to the ALJ's decision, in brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act subsequent to the alleged date of onset.  The ALJ examined the record and determined that: 1) at step one, Plaintiff had engaged in substantial gainful activity during the relevant time period; 2) at step two, Plaintiff had osteoarthritis, knee problems, degenerative disc disease of the cervical spine, and anxiety disorders, which were "severe" impairments within the meaning of the Regulations; 3) at step three, Plaintiff's impairments, singly or in combination, did not meet or equal an impairment in the Listings; and 4) at step four, Plaintiff retained the residual functional capacity to perform her past relevant

work as a data entry clerk.  The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period.

      E.    <u>Plaintiff's Appeal</u>

      Plaintiff appeals the Appeals Council decision on two grounds: 1) the Appeals Council failed to give Dr. Sharma's opinion sufficient weight; and 2) in determining that Plaintiff retained the residual functional capacity to perform her past relevant work, the Appeals Council failed to perform the required task-by-task analysis.

      The regulation concerning the weight given to the opinion of a treating physician states:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2).  The Appeals Council explained the simple reason why it gave Dr. Sharma's opinion little weight: Plaintiff worked for years during a period that Dr. Sharma said she was incapable of working.  The evidence that Plaintiff worked during the years 2002 and 2004-2007 is substantial evidence.  The decision of the Appeals Council to give Dr. Sharma's opinion little weight is supported by substantial evidence.  <u>See also</u> <u>Johnson v. Comm'r of Soc. Sec.</u>, 529 F.3d 198, 202 (3d Cir. 2008) (affirming ALJ's weighting of treating physician evidence that was inconsistent with other substantial evidence of record.)

      Plaintiff next argues that the ALJ's decision, adopted by the Appeals Council, failed to perform the required task-by-task comparison when determining that Plaintiff's residual functional capacity is sufficient to perform her past relevant work .  Yet Plaintiff does not persuade that the ALJ failed to follow the relevant regulations.  The requirements for the inquiry into whether a claimant's residual functional capacity is sufficient to perform past relevant work

are set forth in SSR 82-62:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1.    A finding of fact as to the individual's RFC.
> 2.    A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.    A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Plaintiff does not articulate how the ALJ failed to comply with this regulation.  Rather, the ALJ's residual functional capacity assessment was specific and detailed.  Plaintiff is correct only insofar as the ALJ's statement presenting his finding as to the demands of the past job is a summary one: the ALJ concluded that the job of data entry clerk is "sedentary in exertional demands and semi-skilled in nature."  (Tr. 21.)  Plaintiff does not assert, however, that this summary statement is incorrect, nor does Plaintiff explain how this materially oversimplifies the job's requirements or overlooks some important aspect of them.

As to the defects in the task-by-task analysis, Plaintiff's brief raises only one material issue, whether Plaintiff's ability to sit is sufficient to perform her past relevant work.  (Pl.'s Br. 28.)  In examining the ALJ's decision, then, this Court looks to see whether the factual findings related to the determination of this issue – that Plaintiff can sit long enough to work as a data entry clerk – have been adequately established.  This Court does not see how the ALJ's treatment of this issue is deficient under the regulations.  Rather, as to this issue, the ALJ stated a clear, specific finding: Plaintiff is capable of sitting for a total of six hours in an eight-hour workday. (Tr. 15.)  The ALJ obtained testimony from a vocational expert that this was sufficient to meet the demands of the job of data entry clerk.  Plaintiff does not argue that either of these predicate

factual findings[3] are unsupported by substantial evidence.  This Court finds no material defect in the ALJ's determination that Plaintiff retained the residual functional capacity to perform her past work as data entry clerk.

The Commissioner's decision is supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


　　__s/ Stanley R. Chesler_____
　　STANLEY R. CHESLER, U.S.D.J.

Dated: August 19, 2010

---

[3] The predicate factual findings are: 1) Plaintiff retains the residual functional capacity to sit for six hours out of an eight-hour workday; and 2) such a level of functioning is sufficient to satisfy the demands of the job of data entry clerk.